(81 Misc. Rep. 247.)

## ROSENZWEIG v. KLIPPEL.

(Supreme Court, Appellate Term, First Department. June 24, 1913.)

LANDLORD AND TENANT (§ 162*)—LANDLORD'S DUTIES—LIGHTING TENEMENT.

Tenement House Law (Consol. Laws 1909, c. 61) § 74, providing that, where a public hall in a tenement house is not light enough in the daytime to permit reading therein without the aid of artificial light, certain other arrangements may be made by the owner by displacing wooden partition doors with glass, does not require the landlord, in any event, to maintain the hallway so that one can read therein in the daytime without artificial light.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 629; Dec. Dig. § 162.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Trial Term.

Action by Annie Rosenzweig against Marguerite Klippel. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued June term, 1913, before SEABURY, PAGE, and BIJUR, JJ.

Amos H. Stephens, of New York City (Albert E. Dacy, of New York City, of counsel), for appellant.

Beck & Bernstein, of New York City (Jacob Bernstein, of New York City, of counsel), for respondent.

BIJUR, J. Plaintiff was injured by falling down a flight of dark stairs leading from the ground floor hallway to the cellar of a tenement house. The cause of action is based on the negligence of the defendant in failing to comply with section 74 of the Tenement House Law (Consol. Laws 1909, c. 61). That section prescribes that, where a public hall in such a house is not light enough in the daytime to permit a person to read therein without the aid of artificial light, certain alternative arrangements may be made by the owner in the way of displacing wooden doors of partitions with glass. The section concludes with the requirement that there must be artificial light if the tenement house department so requires, but that concluding sentence is not involved in the present case.

The respondent concedes what the appellant claims, namely, that there was more than sufficient glass area in the hallway to comply with the express terms of the statute, but insists that the true meaning of the section is that in any event the owner must maintain the hallway in such a condition that a person can read therein in the daytime without the aid of artificial light. In this construction I cannot agree.

The motion of the defendant, therefore, for a dismissal of the complaint on the ground that no violation of the section was proven, which motion was made at the close of plaintiff's case, and renewed at the close of the entire case, should have been granted.

Judgment reversed, and a new trial granted, with costs to appellant to abide the event.

SEABURY, J., concurs.

PAGE, J. I concur in the result. The plaintiff was injured falling down the basement stairs after she had proceeded several steps from the top. There is no obligation imposed by the statute to light these stairs.